

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 30 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

JOHN WIELAND HOMES AND
NEIGHBORHOODS, INC.,

    Defendant.

CIVIL ACTION NO.

**1 09-CV-1151**

JURY TRIAL DEMANDED

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to Michelle Mouser ("Mouser") and a class of African American employees ("class members") who worked for John Wieland Homes and Neighborhoods, Inc. (the "Defendant") in the Atlanta Metropolitan Statistical Area from January 2003 to present and who were adversely affected by such practices. The Plaintiff alleges that Defendant engaged in a pattern or practice of unlawful race discrimination by selecting and placing African American sales agents in job

1

assignments based on race, resulting in most African American sales agents earning significantly less than their non-African American comparators. The Plaintiff also alleges that the Defendant subjected Mouser to a hostile work environment and unlawful retaliation which culminated in her being constructively discharged from her employment, all in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant Employer has continuously been a corporation doing business in the state of Georgia and the city of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Michelle Mouser filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1, 2003, Defendant Employer has engaged in unlawful employment practices at various locations throughout the Atlanta Metropolitan Statistical Area, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by unlawfully subjecting a class of African American employees to a pattern or practice of discriminatory treatment by intentionally assigning them to housing subdivision locations based on their race.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive the class members of equal employment opportunities and,

otherwise, adversely affect their status as employees because of their race, African American.

9. Since at least October 2003, Defendant Employer engaged in unlawful employment practices at its Atlanta, Georgia location, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by unlawfully subjecting Michelle Mouser to a hostile environment by requiring her to engage in discriminatory practices against African Americans as a condition of employment, subjecting her to retaliation for opposing such practices and causing her to be constructively discharged.

10. The unlawful employment practices complained of in paragraphs 7 and 9 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 9 above were done with malice or with reckless indifference to the federally protected rights of Michelle Mouser and the class members.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in a pattern and practice of assigning

4

persons to jobs based on race in its Georgia facilities and work sites, and engaging in any other employment practice which discriminates on the basis of race.

B.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which requires employees to engage in or participate in illegal hiring and assignment practices based on the race of applicants and employees.

C.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment activity which has the effect of retaliating against employees because of such employees' opposition to discriminatory practices under Title VII.

D.  Order Defendant Employer, to institute and carry out policies, practices, and programs which provide equal employment opportunities for all African American employees, and which eradicate the effects of its past and present unlawful employment practices.

E.  Order Defendant Employer to make whole Michelle Mouser and the class members, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.   Order Defendant Employer to make whole Michelle Mouser and the class members, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 9 above, including job search expenses, in amounts to be determined at trial.

G.   Order Defendant Employer to make whole Michelle Mouser and the class members, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7 and 9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.   Order Defendant Employer to pay to Michelle Mouser and the class members punitive damages for its malicious and/or reckless conduct described in paragraphs 7 and 9 above, in amounts to be determined at trial.

I.   Grant such further relief as the Court deems necessary and proper in the public interest.

J.   Award the Commission its costs in this action.

[Jury Demand and signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

4/30/2009
Date

Robert Dawkins
Regional Attorney
Georgia Bar No.: 076206

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818    (direct)
(404) 562-6905    (facsimile)